IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CLAUDIA CALDERON,**

    **Petitioner,**

**vs.**                                          **Case No.: 4:11cv492-MW/CAS**

**JOHN V. FLOURNOY, WARNER,**
**FCI TALLAHASSEE**[1]

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITON

On September 27, 2011, Petitioner Claudia Calderon, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  On February 17, 2012, Respondent filed an answer to the petition, with attachments.  Doc. 11.  On March 13, 2012, Petitioner filed a reply to that motion.  Doc. 12.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  The pleadings and attachments before the Court show that the petition

---

[1] When Petitioner filed the § 2241 petition, she named William Taylor, Warden, FCI Tallahassee, as the Respondent. Because J.V. Flournoy is now the Warden at FCI Tallahassee, the Clerk of Court shall substitute him as the Respondent, pursuant to Federal Rule of Civil Procedure 25(d).

should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

On August 6, 1999, Petitioner was detained in a routine check at the Houston Intercontinental Airport en-route to La Guardia International Airport in New York from Bogota, Columbia. *See* Doc. 11 Decl. of Jeff Johnson. After the routine check, Petitioner was discovered to have $130,000 of counterfeit currency hidden in her luggage. *Id.*

On August 10, 1999, Petitioner was transported to the Harris County Sheriff's Department for extradition proceedings to Dade County, Florida, based on outstanding warrants for armed robbery. *Id.* On October 20, 1999, Petitioner was temporarily released from Dade County, Florida, to officials with the U.S. Marshals Service pursuant to a federal writ. *Id.*

On January 10, 2000, Petitioner was sentenced in the U.S. District Court for the Southern District of Texas to 46 months imprisonment for dealing in counterfeit currency. Doc. 11 Attach. 1 at 1-2. After the proceeding, on February 15, 2000, the U.S. Marshals service returned Petitioner to the Dade County Sheriff, based on pending Florida charges for armed robbery. *Id.* Attach. 2. On June 18, 2002, the Petitioner was sentenced to ten years imprisonment as a habitual violent felony offender for armed robbery, case no. F99-13533, in the Circuit Court of the 11th Judicial District for Dade County, Florida. *See* Decl. of Jeff Johnson.

On August 16, 2009, Petitioner was released from her ten-year Florida state sentence to the U.S. Marshals to serve the federal sentence in accordance with Title 18, USC § 3580. *Id*. Attach. 3. The date the Petitioner was physically released to the U.S. Marshal was August 14, 2009. *Id*.

On August 14, 2009, a sentence computation was completed commencing Petitioner's forty-six month federal sentence on the date she was received into federal custody. *Id*. Attach. 4. Petitioner received prior custody credit for August 7, 2009, until August 19, 2009, for the time she was held by Customs Inspectors. *Id*. This time was not applied to the Florida state sentence. *Id*.

On November 23, 2009 the Bureau of Prisons (BOP) wrote a letter to the sentencing court requesting a *nunc pro tunc* (retroactive) designation of the state and federal terms as a result of Petitioner's request for her federal and state sentences to run concurrently. *Id*. Attach. 5. On January 4, 2010, the sentencing court responded by stating that "a retroactive (concurrent) designation is not appropriate in Ms. Calderon's case." *Id*. Attach. 6.

On January 22, 2010, the BOP reviewed the Petitioner's request for concurrent state and federal sentences pursuant to the five factors set forth in Title 18, U.S.C. § 3621(b). *Id*. Attach. 7. The BOP determined retroactive designation was not appropriate in her case based upon "the defendant's extensive prior criminal history." *Id*.

On August 27, 2010, the Petitioner filed a motion in the sentencing court in the Southern District of Texas, requesting that her state and federal sentences run concurrently. *Id*. Attach. 8. The Petitioner's request was denied. *Id*.

As indicated above, Petitioner initiated this § 2241 proceeding on September 27, 2011. Doc. 1. On February 17, 2012, Respondent filed an answer to the petition, with attachments, asking this Court to dismiss the petition. Doc. 11. Petitioner has filed a reply to that motion. Doc. 12.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. *See* United States v. Hayman, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of title 28. *See* Hayman, 342 U.S. at 212-14, 218; *see also* Wofford v. Scott, 177 F. 3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F. 3d 1348, 1351-52 (11th Cir. 2008); United States v. Jordan, 915 F. 2d 622, 629 (11th Cir. 1990)

(explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. See Antonelli, 542 F. 3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F. 3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F. 3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

The U.S. Attorney General, acting through the BOP, administers a federal defendant's sentence and initially has the exclusive authority to determine when a federal sentence commences and to compute sentence credit awards after sentencing. 18 U.S.C. §§ 3585(a), 3621(b); United States v. Wilson, 503 U.S. 329, 335 (1992); Rodriguez v. Lamar, 60 F. 3d 745, 747 (11th Cir. 1995). A federal sentence "commences on the date the defendant is received in custody [at] the official detention facility" designated by the BOP. 18 U.S.C. § 3585(a). Although the BOP must consider a prisoner's request for concurrent service of sentences, the BOP is not obligated to grant such a request as it falls within the BOP's discretion. See, e.g., Barden v. Keohane, 921 F. 2d 476, 478 (3d Cir. 1990); McCarthy v. Doe, 146 F. 3d 118, 122 (2d Cir. 1998); see also, e.g., Pritchett v. United States, No. 3:10cv422-RV/CJK, 2012 WL 2568094, at *3 (N.D. Fla. May 25, 2012).

After a petitioner exhausts administrative remedies with the BOP, the district court may review the constitutionality of the BOP's decision and statutory construction. *See* Rodriguez, 60 F. 3d at 747. "[I]f congressional purpose is clear, then interpreting courts and administrative agencies 'must give effect to the unambiguously expressed intent of Congress.'" *Id.* (quoting Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-43 (1984)). If the statutory provision is silent or ambiguous, the court must defer to the agency's reasonable interpretation unless the interpretation is "arbitrary, capricious, or manifestly contrary to the statute.'" *Id.* (quoting Chevron, 467 U.S. at 844).

"The standard of review of the BOP's actions in denying [a] petitioner's request for *nunc pro tunc* designation is limited to determining whether the BOP abused its substantial discretion." Pritchett, 2012 WL 2568094 at *3 (citing Fagans v. United States, 506 F. 3d 1101, 1103 (8th Cir. 2007); Espinoza v. Sabol, 558 F. 3d 83 (1st Cir. 2009); McCarthy, 146 F. 3d at 123).

> To guide the exercise of its discretion, the BOP promulgated Program Statement 5160.05 in January of 2003. The Program Statement (hereinafter "PS 5160.05") is entitled "Designation of State Institution for Service of Federal Sentence." PS 5160.05 authorizes BOP Regional Directors to act on an inmate's request for *nunc pro tunc* designation of a state institution as the place to serve the inmate's federal sentence. Paragraph 8 declares that such a designation "will be made only when it is consistent with the intent of the federal sentencing court of with the goals of the criminal justice system." The Program Statement further provides, in paragraph 9(b): "Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent." The court's intent may be discerned by (1) the federal sentencing court's order on the Judgment and Commitment Order, (2) the federal sentencing court's recommendation of non-federal confinement on the Judgment and Commitment Order, (3) the federal sentencing court's order, after imposition of sentence, of concurrent service of the federal sentence, (4) the federal sentencing court's indication that it has no objection to the inmate's request for a *nunc pro tunc* concurrent designation, or (5) the federal sentencing court's

indication that it has no objection to the state's request that the federal and state sentences be served concurrently.

Pritchett, 2012 WL 2568094 at *3.

In this case, the BOP reviewed the Petitioner's request for *nunc pro tunc* designation and denied it, finding her not eligible for such designation pursuant to 18 U.S.C. § 3621(b). Doc. 11 Attach. 7 & 8. The BOP indicated the justification was "based upon the defendant's extensive prior criminal history and ruling from the courts." *Id.* Attach. 7. Indeed, as Respondent indicates, the federal sentencing court's judgment is silent regarding whether Petitioner's federal sentence was to run consecutive to or concurrent with her state sentence. *See* Doc. 11 at 5 and Attach. 8. Pursuant to 18 U.S.C. § 3584(a) and Program Statement 5880.28, sentences imposed at different times run consecutively unless the court orders them to run concurrently. *See* Brooks v. Keller, No. 2:08cv625-WHA, 2010 WL 3718829 (M.D. Ala. Aug. 20, 2010) (emphasis added); Richardson v. United States, No. 4:02cv298-RH/WCS, 2005 WL 2406039, at *1-4 (N.D. Fla. Sept. 29, 2005). In addition, the federal sentencing court has specifically denied Petitioner's request that her state and federal sentences run concurrently. *See* Doc. 11 Attachs. 6 and 7.

Petitioner has not shown the BOP abused its discretion in denying her request for *Nunc Pro Tunc* designation and, therefore, she is not entitled to federal habeas relief. This § 2241 petition should be denied.

## Conclusion

In summary, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DENIED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The Second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any arguments as to whether a certificate should issue by filing objection to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2241 petition for writ of habeas corpus (Doc. 1) be **DENIED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**. The Clerk shall substitute John V. Flournoy for W.T. Taylor as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on June 18, 2014.


                s/ Charles A. Stampelos
                **CHARLES A. STAMPELOS**
                **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**